# HOROWITZ TECH LAW P.C.

JOSHUA J. HOROWITZ, ESQ.
Tel.: 212.203.9011
joshua.horowitz@techlawny.com

ADMITTED TO NY, NJ & CA BARS

December 1, 2025

**VIA ECF**
Hon. Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza – Courtroom 1030
Central Islip, NY 11722

      Re:    *United States v. Christopher Grief*,
               Criminal Docket No. 14-Cr-555 (JS)

Dear Judge Seybert:

      I represent Mr. Grief in the above matter on a pending Violation of Supervised Release (VOSR). I write to inform the Court of Mr. Grief's current medical condition and to respectfully request that the Court issue an Order directing the Bureau of Prisons to provide Mr. Grief with the necessary medical care and medications that he requires.

      On November 19, 2025 at 10:30 A.M., Mr. Grief was scheduled to appear before the Court for a status conference. Shortly before the conference was scheduled to begin, undersigned counsel was informed that Mr. Grief refused to appear at the conference due to a medical issue, consistent with the information that was provided by the U.S. Marshalls to the Court. (ECF Dkt. No. 234 at pg. 7, Minute Entry noting that Mr. Grief "refused to appear for today's status conference due to illness.").

      I was able to schedule a legal call with Mr. Grief which took place on Wednesday November 26, 2025[1] and learned of his condition. Mr. Grief is presently in the Secure Housing Unit (SHU) at the MDC. Sadly, he was the victim of a violent assault in his cell which occurred approximately three weeks ago while he was housed in Unit 83 at the MDC. An individual believed to be Mr. Grief's cellmate strangled him with a cord that he wrapped around Mr. Grief's neck. When he fell to the ground, Mr. Grief was repeatedly punched in the face, estimated to be somewhere between twelve to twenty strikes.

      Ultimately, guards intervened following Mr. Grief's screams for help and Mr. Grief was taken to the hospital. As of my conversation with Mr. Grief on November 26, 2025, he had no vision in his left eye resulting from the assault. He described his vision from the left eye as "like black, a little brightness." He is also unable to see out of his right eye because he does not have

---

[1] Earlier efforts to speak with Mr. Grief were unsuccessful because I was unable to "locate" him for purposes of scheduling a legal call for several days. The Federal Defenders have developed an online tool which permits defense counsel to determine an inmate's location within the MDC for purposes of scheduling legal calls. I informed the MDC of these issues by e-mail on November 21, 2025.

his glasses, which he did have previously in his cell in Unit 83, but they have not been provided to him in the SHU.

Mr. Grief also advised that he was previously receiving Dextroamphetamine as part of his antipsychotic / ADHD treatment at the MDC, and that he received one or two doses since returning to MDC from the hospital, but they have since stopped providing him with that medication. He also has a CPAP machine that was recently provided to him in the SHU, but he has not been provided with the power cord to plug it in and is unable to use it.

I have also conferred with Mr. Grief's parents who visited with him at the MDC this past Friday, November 28, 2025. They report that he received multiple stitches above his left eye, and that his left eye was dark red. His right eye is less red, but has 2 dark red circles outside of the pupil. After the assault when Mr. Grief was taken to the hospital, he was advised to return to the hospital to have his stitches removed and for further examination of his eye, with a possibility for surgery. As of November 28, 2025, none of those things have occurred. Indeed, the reason that Mr. Grief did not come to Court on November 19, 2025 was because he believed that he was scheduled to see the doctor on that day, only to learn that the appointment was canceled.

Mr. Grief continues to suffer in the MDC, without vision, without having received any follow-up care on his eye, and without his necessary medication. Mr. Grief's mother described her most recent interaction with her son at the MDC as "heartbreaking." I informed MDC legal counsel of Mr. Grief's medical issues as described herein, by e-mail on November 26, 2025. I was informed in response that my concerns were relayed to the health services department.

At least as of November 28, 2025 and according to Mr. Grief's parents who visited with him on that day, Mr. Grief had not yet received any follow-up care on his eye.

Accordingly, I respectfully request that Your Honor direct the MDC to expeditiously ensure that Mr. Grief receives the following, necessary medical care:

- Follow-up care for his eyes, particularly his left eye and the stitches above them resulting from the violent assault on him in the MDC;
- Providing him with any and all necessary medications required to treat his severe ADHD and other mental health issues;
- Providing him with his glasses, which he last had possession of in Unit 83, so that he may be able to see at least out his right eye;
- Providing him with the power cord to his CPAP machine so that he can utilize it as required; and
- Providing Mr. Grief with other necessary medical care as may be required.

While MDC counsel has been responsive to me, I have concerns about Mr. Grief's urgent need for medical care and the fact that he has not yet received that care, prompting this letter and request for the issuance of an Order.

Hon. Joanna Seybert
United States District Judge
December 1, 2025
Page 3 of 3

    I sincerely thank the Court for its consideration. If the Court requires any further information, please do not hesitate to contact my office at any time.

Respectfully submitted,

Joshua J. Horowitz

cc:    All counsel (via ECF)
Elizabeth Lynch, MDC BOP Staff Attorney (via e-mail – elynch1@bop.gov)
Rachel Kull, MDC BOP Staff Attorney (via e-mail – rkull@bop.gov)
Irene Chan, MDC BOP Staff Attorney (via e-mail – ichan@bop.gov)